FILED by _____ D.C.
ELECTRONIC

Jul 1 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

            Plaintiff,

v.                              CASE NO: 04-80862-CIV-MIDDLEBROOKS/JOHNSON

WILSHIRE INVESTMENT MANAGEMENT
CORPORATION, NATIONAL COMMODITIES
CORPORATION, INC., ANDREW ALAN
WILSHIRE, ERIC SCOTT MALCOMSON,
and JAMES JOSEPH RUSSO,

            Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE SEEKING TO EXCLUDE OR ALTERNATIVELY, TO STRIKE PLAINTIFF'S CLAIM FOR RESTITUTION

Defendants Wilshire Investment Management Corporation ("WIMC"), National Commodities Corporation, Inc. ("NCCI"), Andrew Alan Wilshire ("Wilshire"), Eric Scott Malcolmson ("Malcolmson") and James Joseph Russo ("Russo") (collectively, "Defendants") respectfully request that the Court enter an order excluding Plaintiff Commodity Futures Trading Commission's ("CFTC") claim seeking Defendants to pay restitution to WIMC customers, or alternatively an Order striking the CFTC's claim for restitution. The Commodity Exchange Act, as amended, (the "CEA"), provides no authority for the CFTC to seek restitution to a third party in a federal court proceeding. Rather, the CEA specifically makes the remedy of restitution to customers available <u>only</u> in administrative proceedings before the CFTC. The CFTC, however, seeks to improperly expand the scope of the authority granted to it by Congress by requesting that the Court award restitution to allegedly harmed customers. Even if such relief were due and proper under the facts of this case, the CFTC is limited to seeking that remedy only in an

1
HOMERBONNER
1200 Four Season Tower, 1441 Brickell Avenue, Miami, Florida 33131
Telephone: (305) 350-5100

administrative proceeding before the CFTC. Accordingly, the CFTC should not be allowed to proceed with its claim for restitution should be excluded.

I.  **The CFTC has no Authority Under the CEA to Seek Restitution to a Third Party in a Federal Court Proceeding.**

The CFTC does not have the authority to seek restitution to third parties in this Court. This lack of authority is confirmed by the United States Supreme Court decision in *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002), which teaches that both specific statutory authority and standing are required for a government agency to obtain general equitable remedies only in administrative proceedings. Had Congress intended to confer on the CFTC the authority to seek general equitable remedies in a federal court, such as restitution to a third party, it could have. Yet, it elected to limit the remedies that the CFTC may obtain in federal court, and only allow the CFTC to pursue claims for restitution via administrative proceedings brought before the CFTC. Hence, the CFTC has no authority or standing to seek the restitution remedy that it seeks here.

  A.  *The CEA does not grant the CFTC authority to seek restitution to a third party in federal district court.*

Congress created the CFTC in 1974 pursuant to 7 U.S.C. § 2(a)(2) of the CEA. A federal agency such as the CFTC has no inherent powers; it has only those powers which Congress has specifically provided for in the agency's enabling statutes.[1] Congress has given the CFTC specific (and limited) authority to bring suit against alleged violators of the CEA. In the absence of statutory authority, a federal agency has no basis upon which to proceed. *Director, Office of*

---

[1] *See, e.g., Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 213 (1976) ("despite the broad view of the Rule advanced by the Commission in this case, its scope cannot exceed the power granted to the Commission by Congress under § 10(b) [of the Exchange Act]."). *SEC v. Sloan,* 436 U.S. 103 (1978) (holding that, contrary to the Commission's longstanding interpretation of the statute, Exchange Act § 12(k) did not authorize a series of summary suspension orders exceeding the express 10-day limit in the statute).

*Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122 (1995) ("*OWCP*").[2] The principle laid down by the Court in *OWCP* is that the text of the statute controls. As will be demonstrated, the CEA does not authorize the CFTC to seek restitution in federal courts.[3]

Section 6c(a) of the CEA states that the CFTC has the power to bring suit in federal district court to seek an injunction or restraining order "[w]henever it shall appear to the Commission that any registered entity or other person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of this chapter or any rule, regulation, or order thereunder…" *See* 7 U.S.C. § 13a-1(a). Section 6c(c) of the CEA enables district courts to "issue writs of mandamus, or orders affording like relief" as a means of compelling compliance with the CEA. *See* 7 U.S.C. § 13a-1(c). Section 6c(d) of the CEA permits the CFTC to seek civil penalties of "not more than the higher of $100,000 or triple the monetary gain" for each violation. *See* 7 U.S.C. § 13a-1(d). On its face, § 6(c) of the CEA authorizes <u>only</u> injunctive relief, compliance orders and civil penalties in federal district court; nowhere does it bestow

---

[2] In *Office of Workers' Compensation Programs*, the United States Supreme Court held that the Director lacked authority under the Longshore and Harbour Worker's Compensation Act to seek judicial review of a decision by a Benefits Review Board created under the Act. The statute delegated the responsibility of administering the Act to the Director, but notably did not grant the Director the authority to seek judicial review of decisions by the Benefits Review Board. The Court rejected the Director's contention that she could petition for review because she was a "person adversely affected or aggrieved" under the statute and that her general duty to protect the public warranted her pursuing her claim in federal court. The Court stated, "there is nothing to suggest that the Director has been given the authority to pursue that goal in the courts. Agencies do not automatically have standing to sue for actions that frustrate the purpose of their statutes." *Id.* at 132. The Court rejected the agency's resort to liberal construction of the statute, stating that "[t]he withholding of agency authority is as significant as the granting of it, and we have no right to play favorites between the two." *Id.* at 136.

[3] *See also Louisiana Public Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986) ("an agency literally has no power to act…unless and until Congress confers power upon it"); *Civil Aeronautics Bd. v. Delta Airlines Inc.*, 367 U.S. 316, 322 (1961) ("the fact that the Board is entirely a creature of Congress and the determinative question is not what the Board thinks it should do but what Congress has said it can do"); *United States v. Seatrain Lines*, 329 U.S. 424, 433, (1947) (Interstate Commerce Commission lacked authority to revoke certification issued to a carrier of goods by water "except as specifically authorized by Congress"), *Strak v. Wickland*, 321 U.S. 288, 309 (1944) ("When Congress passes an Act empowering administrative agencies to carry out governmental activities, the power of those agencies is circumscribed by the authority granted").

upon the CFTC a general power to seek equitable remedies other than those specifically enumerated in federal court actions for alleged violations of the CEA. <u>In short, the CEA does not authorize the CFTC to seek the restitution remedy in federal district court.</u>

Congress has endowed the CFTC with the ability to convene adjudicatory administrative hearings, found in § 6(c) of the CEA, 7 U.S.C. §§ 9 and 15, which specifically contemplates the restitution remedy. Through these statutorily authorized hearings, the CFTC may: (1) prohibit or cause the refusal of a person's trading privileges; (2) suspend or revoke the registration of a registered person; (3) assess a civil penalty; or (4) "<u>require restitution to customers of damages proximately caused by violations</u> ..." *See* 7 U.S.C. § 9 (emphasis added).

The CFTC has, pursuant to this authorization, promulgated a series of regulations specifically governing the adjudication and issuance of restitution orders, which are limited exclusively to <u>administrative proceedings</u>. *See* 17 CFR §§ 10.110, *et seq.* These regulations prescribe the burden of proof required to obtain a restitution order (17 CFR § 10.110(a)); the contents of such an order (17 CFR § 10.110(b)); the procedure by which restitution is recommended (17 CFR § 10.111); the procedure by which a restitution fund is administered (17 CFR § 10.112); an appeals process (17 CFR § 10.113); and a procedure by which the restitution process can be accelerated (17 CFR § 10.114). Clearly, the CFTC understands that the restitution remedy is properly available only as a part of the administrative hearing process, as Congress intended.

The United States Supreme Court has stated, in no uncertain terms, that "[a]bsent any indication that doing so would frustrate Congress' clear intention or yield patent absurdity, [the Court's] obligation is to apply the statute as Congress wrote it." (internal quotes and citations

omitted). *Dunn v. Commodity Futures Trading Comm'n*, 519 U.S. 465, 470 (1997).[4] There is no question that Congress knew how to empower the CFTC to seek a restitution remedy, as evidenced by the clear and unambiguous grant of authority to seek restitution for the benefit of a third party as part of an administrative hearing. It is also clear that the CFTC has acknowledged this grant of power by *inter alia* enacting regulations governing the use of the restitution remedy. If the CFTC wants restitution from Defendants, the proper forum is an administrative proceeding before the CFTC pursuant to its own regulations, not this Court.

> **B. Pursuant to the United States Supreme Court's decision in *Great-West*, courts are required to interpret the CEA as not implying an authorization for the CFTC to seek restitution in federal district court.**

The explicit grant of authority in one portion of the CEA does not permit the CFTC to apply that same authority in another portion of the CEA where Congress intentionally remained silent. The Supreme Court's recent decision in clarifies that § 6(c) of the CEA may not be expansively interpreted to authorize any form of relief other than injunction, mandamus or civil penalty.

In *Great-West*, the Court considered whether ERISA authorized a federal lawsuit by an employee benefit plan (the "Plan") to seek reimbursement of amounts paid to the dependent of an employee by a third party in a tort action. In asserting this claim, the Plan relied on

---

[4] This construction is consistent with several other decisions by the Court in recent years – all of which demonstrate the importance of constructing federal statutes with fidelity to their language, so as to ensure that federal agencies' authority is not improperly expanded beyond the intended scope. *See Ragsdale v. Wolverine World Wide, Inc.*, 122 S. Ct. 1155 (2002) ("[r]egardless of how serious the problem an administrative agency seeks to address…it may not exercise its authority in a manner that is inconsistent with the administrative structure that Congress enacted into law") (internal quotes and cites omitted); *Central Bank v .First Interstate Bank*, 511 U.S. 164, 188 (1994) (holding that contemporary policy considerations (such as the utility of aiding and abetting authority to the recovery of damages in private civil securities actions) could not override the statutory text, which plainly did not permit a private right of action for aiding and abetting). *See also Hochfelder*, 425 U.S. at 197-99 (rejecting SEC argument that section 10(b) should reach negligent conduct because of the congressional purposes behind the act); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993) (rejecting action under ERISA because relief sought was not truly equitable and the statute only authorized equitable relief).

§502(a)(3) of ERISA, which authorizes a civil action "to enjoin any act or practice which violates...the terms of the plan" and "to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). The Court rejected the Plan's argument that it was entitled to reimbursement on the theory that it sought "to enjoin any act or practice which violates...the terms of the Plan," namely the respondents' failure to reimburse the Plan. The Court held that an injunction to compel the payment of money was not authorized because an injunction to compel the payment of money was not typically available in equity. *Great-West*, 122 S. Ct. at 713. The Court further held that allowing reimbursement under such a theory "renders the statute's limitation of relief to '[injunction]...or other equitable relief' utterly pointless." *Id.* at 716.

*Great-West* made clear that a statute authorizing injunctive relief may not be expansively interpreted to include any form of equitable relief other than an injunction typically available in a court of equity. Consequently, § 6c of the CEA – which only authorizes injunction, mandamus and civil penalties against an "act or practice constituting a violation" – cannot be expansively construed to authorize the restitution that is currently sought by the CFTC. *Great-West* requires this Court to find that the text of the CEA does not provide the CFTC with authority to seek the restitution remedy in enforcement actions in federal district courts, either explicitly or as a general grant of equitable power that could be interpreted to include restitution. Otherwise, the §6(c)'s limitation of relief would be rendered "utterly pointless."

The D.C. Circuit recently observed that "[w]here a statute has a comprehensive and reticulated remedial scheme, we are reluctant to authorize additional remedies; Congress' care in formulating such a carefully crafted and detailed enforcement scheme provides strong evidence that Congress did ***not*** intend to authorize other remedies that it simply forgot to incorporate expressly." (emphasis in original) (internal quotes and citations to *Great-West* omitted). *United*

6

*States v. Philip Morris USA, Inc., et al.*, 396 F.3d 1190, 1200 (D.C. Cir. 2005). These clear, unambiguous, <u>forum specific</u>, grants of power are unequivocally set forth in the CEA and are not interchangeable and may not be manipulated so as to meet the convenience of the CFTC. Congress did not intend to grant the CFTC the right to seek restitution in federal district court. Therefore, given that the CFTC's authority is limited to that granted by statute, it lacks authority to seek restitution and it should not be allowed to proceed with such a claim.

**WHEREFORE,** Defendants respectfully request that the Court enter an Order excluding the CFTC's claim for restitution, or alternatively, striking the CFTC's claim for restitution, and granting any other or additional relief the Court deems just and proper.

Respectfully submitted:
**HOMERBONNER**
Attorneys for Defendants
The Four Seasons Tower
1441 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5143
Telecopier: (305) 982-0060
Email: lbonner@homerbonner.com

By: _____
R. Lawrence Bonner
Florida Bar No: 304328
Francisco O. Sanchez
Florida Bar No: 0598445

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was sent via electronic mail and U.S. mail to Alison Lurton, Esq. Esq. and Rachel Entman, Esq., Counsel for Plaintiff Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, DC 20581, this 1st day of July, 2005.

_____
Francisco O. Sanchez

\\MIA-SVR\DATA\Docs\Wdox\CF\41088\0004\00007349.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

v.                      CASE NO: 04-80862-CIV-MIDDLEBROOKS/JOHNSON

WILSHIRE INVESTMENT MANAGEMENT
CORPORATION, NATIONAL COMMODITIES
CORPORATION, INC., ANDREW ALAN
WILSHIRE, ERIC SCOTT MALCOMSON,
and JAMES JOSEPH RUSSO,

                Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION IN LIMINE SEEKING TO EXCLUDE OR ALTERNATIVELY, TO STRIKE PLAINTIFF'S CLAIM FOR RESTITUTION

**THIS MATTER** came before the Court upon Defendants' Motion in Limine Seeking to Exclude or Alternatively, to Strike Plaintiff's Claim for Restitution filed by Defendants Wilshire Investment Management Corporation ("WIMC"), National Commodities Corporation, Inc. ("NCCI"), Andrew Alan Wilshire ("Wilshire"), Eric Scott Malcolmson ("Malcolmson") and James Joseph Russo ("Russo") (collectively, "Defendants"). The Court having reviewed and considered Defendants' Motion, it is hereby:

**ORDERED and ADJUDGED** that Defendants' Motion is hereby **GRANTED**. The Commodity Futures Trading Commission's claim seeking restitution set forth in its Complaint is hereby **STRICKEN.**

**DONE and ORDERED** this ___ day of _____, 2005 in West Palm Beach, Florida.

                                      _____
                                        DONALD MIDDLEBROOKS
                                        UNITED STATES DISTRICT UDGE
                                        SOUTHERN DISTRICT OF FLORIDA