UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 04-80862-CIV-Middlebrooks

NIGHT BOX
FILED

JUL 11 2005

CLERK, USDC / SDFL / WPB

Commodity Futures Trading Commission      )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )
                                          )
                                          )
Wilshire Investment Management Corporation, )
National Commodities Corporation, Inc., Andrew )
Alan Wilshire, Eric Scott Malcolmson, and James )
Joseph Russo,                             )
                                          )
                                          )
                    Defendants.           )
                                          )

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WIM CUSTOMERS LISTED ON DEFENDANTS' WITNESS LIST

I.   INTRODUCTION

Pursuant to the Court's Orders dated December 2, 2004, and May 10, 2005, plaintiff, Commodity Futures Trading Commission, files this motion in limine and respectfully requests that the Court exclude certain evidence that it believes Defendants, Wilshire Investment Management Corporation ("WIM"), National Commodities Corporation, Inc., Andrew Alan Wilshire, Eric Scott Malcolmson ("Malcolmson"), and James Joseph Russo ("Russo") (collectively "Defendants"), may try to introduce or elicit through testimony of witnesses. The Commission intends to present testimony at trial from witnesses who the Defendants defrauded or attempted to defraud in violation of the

Commodity Exchange Act (the "Act"). The Defendants have included in their list of witnesses who may be called at trial, filed as part of the Joint Pretrial Stipulation, certain other customers of WIM, whom the Commission assumes will testify concerning their experience as customers of WIM.[1] The experiences of customers identified on Defendants' witness list are not relevant to the Commission's claims that Defendants made fraudulent statements, as identified in the complaint, in violation of the Act. Moreover, reliance testimony is irrelevant to the Commission claims of fraud. Therefore, as demonstrated below, this Court should grant the Commission's motion in limine and exclude all testimony from customers listed on Defendant's witness list.

II. ARGUMENT

"The trial court has broad discretion in determining the admissibility of evidence." Lanham v. Whitfield, 805 F.2d 970, 972 (11th Cir. 1986), *quoting* United States v. Terebecki, 692 F.2d 1345, 1350 (11th Cir. 1982). Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is only relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.

---

[1] Based upon the 9 (misnumbered as 10) issues of fact that remain to be litigated that Defendants identified in section VI of the Joint Pretrial Stipulation, the Commission sees no other factual issue on which these identified witnesses can provide relevant testimony. In response to the Commission's interrogatory seeking the topics upon which the individuals listed on a previous witness list would testify, Defendant WIM responded that they had not completed trial preparation and could not respond. Therefore, the Commission can only assume that the Defendants intend to present their testimony on the topics of reliance and/or their own belief that they were not defrauded. Neither of these topics are relevant to the issues of liability before the Court.

2

Rule 402 makes inadmissible that evidence which does not fit within the definition of relevant evidence found in Rule 401. Fed. R. Evid. 402.

The Commission contends that the Defendants made fraudulent and misleading sales solicitations to customers by knowingly exaggerating the likelihood of profit, minimizing the risk of loss, and overstating WIM's performance record. See Complaint, ¶¶ 17-24. To prove its fraud claims, the Commission will present the testimony of customers who the Defendants defrauded or attempted to defraud. Testimony of customers who believe they were not defrauded is not relevant to the Commission's claims that Defendants made fraudulent statements as alleged in the complaint.

In United States v. Biesiadecki, 933 F.2d 539 (7th Cir. 1991), an appeal of a criminal conviction for violation of the mail fraud statute based upon fraudulent commodity solicitations similar to the fraud in this case, the seventh circuit addressed the trail court's granting of the Government's motion in limine to exclude testimony of customers of the defendant who did not believe they were defrauded. The seventh circuit affirmed the trial court's exclusion of the other customer testimony on the grounds that it was not relevant to whether fraud was committed as to those customers named in the indictment. Biesiadecki, 933 F.2d at 544. In a securities case with nearly identical facts, United States v. Elliott, the eleventh circuit has also held that the trial court did not abuse its discretion in excluding irrelevant testimony from customers who did not believe they were defrauded. United States v. Elliott, 62 F.3d 1304, 1308 (11th Cir. 1995). For the same reasons that the trial courts in the Biesiadecki and Elliot cases excluded testimony

3

in similar cases, this Court should exercise its discretion and exclude the irrelevant testimony of the WIM customers listed in Defendants trial witness list.

Indeed, in responses to the Commission's discovery requests, the Defendants acknowledge the irrelevance of testimony of WIM's customers who are not listed on the Commission's witness list.[2] In response to requests for the production of documents seeking customer records in their possession, defendants Russo and Malcolmson objected to the request, "to the extent that it seeks documents and information pertaining to current or former customers of Wilshire Investment Management Corporation ("WIMC") that are not listed as witnesses by the CFTC because such information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." (See attached exhibits A and B). While the Commissions disagrees with the Defendants' that the requests seek information not reasonably calculated to <u>lead</u> to the discovery of admissible evidence, the Commission agrees with the Defendants' assertion that information and evidence concerning customers not listed by the Commission on their witness list are irrelevant to the Commission's fraud claims to be proven at trial.

Moreover, "in an enforcement proceeding under section 4b(A) of the Act, reliance by customers is irrelevant." <u>Comm. Fut. Trad. Comm. v. Commonwealth Financial Group, Inc.</u>, 874 F. Supp. 1345, 1355 (S.D. Fl. 1994) (Interpreting analogous provision

---

[2] Due to the timing of extensions in this case as a result of the Court's Orders dated February 14, 2005, and May 10, 2005, the Joint Pretrial Stipulation was due to the Court on July 1, 2005, before the close of discovery on July 5, 2005. Defendants answered outstanding discovery requests on July 5, 2005, with reference to the Commission's witness list, filed as part of the Joint Pre-trial Stipulation 4 days earlier.

Section 4(b)(A) of the Act, prohibiting fraud and attempts to defraud in futures contracts). The issue before the court in an enforcement proceeding is the action of the defendants, not the reliance of the customers. Id. "Unlike a cause of action for fraud under the common law of Torts, 'reliance' on the representations is not a requisite element in an enforcement action." Comm. Fut. Trad. Comm. v. R.J. Fitzgerald, 310 F.3d 1321, 1328 n.6 (11th Cir. 2002). It is well established that reliance testimony is not relevant to the claims of misrepresentations and omissions under the Act and, therefore, the Court should grant the Commission's motion in limine and rule that any testimony regarding customer reliance is irrelevant.

### III. CONCLUSION

Testimony from customers who claim they were not defrauded or who can provide testimony as to reliance is irrelevant for the reasons stated above. Therefore, this court should grant the Commission's motion in limine and exclude testimony from WIM customers listed on Defendants' witness list.

Dated: 7/11/05

By: *Rachel Entman*
Rachel Entman, Florida Special Bar No. A5500862
rentman@cftc.gov
Allison Lurton, Florida Special Bar No. A5500935
alurton@cftc.gov
Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581
(202) 418-5000 (telephone)
(202) 418-5523 (facsimile)

Attorneys for Plaintiff

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.                                                        CASE NO: 04-80862-CIV-MIDDLEBROOKS/JOHNSON

WILSHIRE INVESTMENT MANAGEMENT
CORPORATION, NATIONAL COMMODITIES
CORPORATION, INC., ANDREW ALAN
WILSHIRE, ERIC SCOTT MALCOMSON,
and JAMES JOSEPH RUSSO,

        Defendants.
_____/

## DEFENDANT JAMES JOSEPH RUSSO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant James Joseph Russo ("Russo") hereby objects and responds to Plaintiff Commodity Futures Trading Commission's ("CFTC") first request for production of documents as follows:

## GENERAL STATEMENT AND OBJECTIONS

1.    Russo reserves (i) the right to supplement, amend or correct all or any part of the responses provided herein and (ii) the right to object to admissibility in evidence of all or any part of the responses provided herein and any information contained herein.

2.    Russo will make reasonable efforts to respond to each document request, to the extent that no objection is made, as he understands and interprets the request. If the CFTC subsequently asserts any interpretation of any document request or term included within a request that differs from Russo's interpretation, Russo reserves the right to supplement or amend his objections and responses.

3. Russo objects to these document requests (including the accompanying definitions and instructions) to the extent that they call for information or documents which were generated, prepared, received or obtained for or in anticipation of litigation, constitute attorney work-product or contain attorney-client communications, or are otherwise privileged, confidential or immune from disclosure. Russo further objects to the extent any document request seeks information or documents that are confidential or privileged under applicable privacy rights.

4. Russo objects to these document requests (including the definitions and instructions), to the extent they seek to impose obligations to provide information beyond that required by the Federal Rules of Civil Procedure, Local Rules of the Southern District of Florida, and laws governing the proper scope of discovery including, but not limited to, Rules 26 and 34. Russo also objects to the definitions and instructions to the extent they seek to employ incorrect and/or overbroad definitions, including, but not limited to, the definition of "You" and "Your."

5. By identifying or producing documents in response to these document requests, Russo does not (i) admit that such documents (or related documents) are properly discoverable; (ii) waive any objection which might be made to such documents; or (iii) admit that any such documents are admissible in evidence. Russo reserves the right to object to further requests for production of documents and other discovery, and reserves the right to challenge the competency, relevance, materiality or admissibility of any information or documents produced or referred to in response to these document requests, and does not waive any objection which might otherwise be made to such information and documents.

6. Russo has not completed his investigation of the facts relating to this case and has not completed his preparation for trial. Therefore, this response represents Russo's present knowledge based on investigation, information and preparation to date.

7. Russo objects to these document requests as overbroad to the extent they call for information not limited to the time period relevant to the claims against him, because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8. Russo objects to these document requests to the extent they are so broad, vague and indefinite as to make it impossible for Russo to ascertain the precise scope of such requests. For the same reasons, (i) such requests are unduly burdensome and oppressive and it would be practicably impossible for Russo to respond; and (ii) such requests may call for information which is neither relevant to the subject-matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

9. Russo objects to these document requests the extent that they purport to require him to identify any privileged or immune information after commencement of this action and related proceedings or before any determination is made that information requested by the CFTC which may contain privileged documents is properly subject to discovery.

10. All of Russo's general objections shall be deemed continuing throughout the responses to the specific document requests that follow, even when not further referred to in said responses.

Without waiver of any of the foregoing objections, Russo responds and specifically objects to the CFTC's first set of requests for production of documents as follows:

**Document Request 1:**

All communications, correspondence, notes, records, and documents in your possession concerning or relating to any customers of Wilshire Investment Management Corporation.

**Response:**

Russo objects to Document Request 1 in that it is vague and overbroad. Russo further objects to Document Request 1 to the extent that it seeks documents and information pertaining to current or former customers of Wilshire Investment Management Corporation ("WIMC") that are not listed as witnesses by the CFTC because such information is neither relevant to the subject-matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of and subject to these objections and the foregoing general objections, Russo has no responsive documents within his custody or control.

Respectfully submitted:

HOMERBONNER
Attorneys for James Joseph Russo
The Four Seasons Tower
1441 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5143
Telecopier: (305) 982-0060
Email: lbonner@homerbonner.com

By: _____
R. Lawrence Bonner
Florida Bar No: 304328
Francisco O. Sanchez
Florida Bar No: 0598445

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was sent via overnight mail to Alison Lurton, Esq. and Rachel Entman, Esq., Counsel for Plaintiff Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, DC 20581, this 5th day of July, 2005.

_____
Francisco O. Sanchez

:\MIA-SVR\DATA\Docs\Wdox\CF\41088\0004\00007398.DOC

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

                      Plaintiff,

v.                           CASE NO: 04-80862-CIV-MIDDLEBROOKS/JOHNSON

WILSHIRE INVESTMENT MANAGEMENT
CORPORATION, NATIONAL COMMODITIES
CORPORATION, INC., ANDREW ALAN
WILSHIRE, ERIC SCOTT MALCOMSON,
and JAMES JOSEPH RUSSO,

                      Defendants.
_____/

## DEFENDANT ERIC SCOTT MALCOLMSON'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Eric Scott Malcolmson ("Malcolmson") hereby objects and responds to Plaintiff Commodity Futures Trading Commission's ("CFTC") first request for production of documents as follows:

### GENERAL STATEMENT AND OBJECTIONS

1.     Malcolmson reserves (i) the right to supplement, amend or correct all or any part of the responses provided herein and (ii) the right to object to admissibility in evidence of all or any part of the responses provided herein and any information contained herein.

2.     Malcolmson will make reasonable efforts to respond to each document request, to the extent that no objection is made, as he understands and interprets the request. If the CFTC subsequently asserts any interpretation of any document request or term included within a request that differs from Malcolmson's interpretation, Malcolmson reserves the right to supplement or amend his objections and responses.

3. Malcolmson objects to these document requests (including the accompanying definitions and instructions) to the extent that they call for information or documents which were generated, prepared, received or obtained for or in anticipation of litigation, constitute attorney work-product or contain attorney-client communications, or are otherwise privileged, confidential or immune from disclosure. Malcolmson further objects to the extent any document request seeks information or documents that are confidential or privileged under applicable privacy rights.

4. Malcolmson objects to these document requests (including the definitions and instructions), to the extent they seek to impose obligations to provide information beyond that required by the Federal Rules of Civil Procedure, Local Rules of the Southern District of Florida, and laws governing the proper scope of discovery including, but not limited to, Rules 26 and 34. Malcolmson also objects to the definitions and instructions to the extent they seek to employ incorrect and/or overbroad definitions, including, but not limited to, the definition of "You" and "Your."

5. By identifying or producing documents in response to these document requests, Malcolmson does not (i) admit that such documents (or related documents) are properly discoverable; (ii) waive any objection which might be made to such documents; or (iii) admit that any such documents are admissible in evidence. Malcolmson reserves the right to object to further requests for production of documents and other discovery, and reserves the right to challenge the competency, relevance, materiality or admissibility of any information or documents produced or referred to in response to these document requests, and does not waive any objection which might otherwise be made to such information and documents.

6. Malcolmson has not completed his investigation of the facts relating to this case and has not completed his preparation for trial. Therefore, this response represents Malcolmson's present knowledge based on investigation, information and preparation to date.

7. Malcolmson objects to these document requests as overbroad to the extent they call for information not limited to the time period relevant to the claims against him, because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8. Malcolmson objects to these document requests to the extent they are so broad, vague and indefinite as to make it impossible for him to ascertain the precise scope of such requests. For the same reasons, (i) such requests are unduly burdensome and oppressive and it would be practicably impossible for Malcolmson to respond; and (ii) such requests may call for information which is neither relevant to the subject-matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

9. Malcolmson objects to these document requests to the extent that they purport to require him to identify any privileged or immune information after commencement of this action and related proceedings or before any determination is made that information requested by the CFTC which may contain privileged documents is properly subject to discovery.

10. All of Malcolmson's general objections shall be deemed continuing throughout the responses to the specific document requests that follow, even when not further referred to in said responses.

Without waiver of any of the foregoing objections, Malcolmson responds and specifically objects to the CFTC's first set of requests for production of documents as follows:

**Document Request 1:**

All communications, correspondence, notes, records, and documents in your possession concerning or relating to any customers of Wilshire Investment Management Corporation.

**Response:**

Malcolmson objects to Document Request 1 in that it is vague and overbroad. Malcolmson further objects to Document Request 1 to the extent that it seeks documents and information pertaining to current or former customers of Wilshire Investment Management Corporation ("WIMC") that are not listed as witnesses by the CFTC because such information is neither relevant to the subject-matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of and subject to these objections and the foregoing general objections, Malcolmson has no responsive documents within his custody or control.

Respectfully submitted:

HOMERBONNER
Attorneys for Eric Scott Malcolmson
The Four Seasons Tower
1441 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5143
Telecopier: (305) 982-0060
Email: lbonner@homerbonner.com

By: _____
R. Lawrence Bonner
Florida Bar No: 304328
Francisco O. Sanchez
Florida Bar No: 0598445

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via overnight mail to Alison Lurton, Esq. and Rachel Entman, Esq., Counsel for Plaintiff Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, DC 20581, this 5th day of July, 2005.

_____
Francisco O. Sanchez

\\MIA-SVR\DATA\Docs\Wdox\CF\41088\0004\00007394.DOC

## Certificate of Service

I certify that on July 11, 2005, I sent copies of PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WIM CUSTOMERS LISTED ON DEFENDANTS' WITNESS LIST by overnight Federal Express delivery addressed as follows:

R. Lawrence Bonner
Homer Bonner
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131

*Rachel Entman*
Rachel Entman

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80862-CIV-MIDDLEBROOKS

Commodity Futures Trading Commission )
)
        Plaintiff, )
)
v. )
)
)
)
Wilshire Investment Management Corporation, )
National Commodities Corporation, Inc., Andrew )
Alan Wilshire, Eric Scott Malcolmson, and James )
Joseph Russo, )
)
)
)
        Defendants. )
)
)

## ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WIM CUSTOMERS LISTED ON DEFENDANTS' WITNESS LIST

THIS MATTER came before the Court upon Plaintiff's Motion in Limine to Exclude Testimony of WIM Customers Listed on Defendants' Witness List. The Court having reviewed and considered the Motion, it is hereby:

ORDERED and ADJUDGED as follows:

1. Plaintiff's Motion in Limine to Exclude Testimony of WIM Customers Listed on Defendants' Witness List is hereby GRANTED.

2. All testimony from customers listed on defendants' witness list, as set forth in the Joint Pre-Trial Stipulation, shall not be admitted at trial.

DONE AND ORDERED this _____ day of _____, 2005 in West Palm Beach, Florida.

cc: Counsel of Record

DONALD M. MIDDLEBROOKS
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA